RECEIVED

SEP 1 7 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JASON CROWLEY | CIVIL ACTION NO. 5:07CV1475 |
| VERSUS | JUDGE STAGG |
| TOOL | MAGISTRATE JUDGE HORNSBY |

*ORDER*

On September 5, 2007, petitioner filed an Application to Proceed in Forma Pauperis under Section 706 (f) of the Civil Rights Act of 1964.[1] On September 7, 2007, the undersigned granted peitioner's motion.[2] Having further reviewed petitioner's application to proceed *in forma pauperis*, the undersigned finds that petitioner has sufficient funds to pay the filing fee.[3] Petitioner's declaration indicates that during the past twelve months he has received workmen's compensation benefits or

---

[1] Rec. Doc. 2.

[2] Rec. Doc. 5.

[3] Plaintiff seeks damages for invasion of privacy, alleging that the music group Tool is using him as a basis for their music and that they "managed to get into [his] apartment and place a ring, that you would wear on your hand inside . . . ". Plaintiff alleges that it took four years for the Shreveport police to take a report about the ring. Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., to assure equality of employment opportunities. Great American Federal Sav. & Loan Ass'n v. Novotny, 442 U.S. 366,373, 99 S.Ct. 2345, 2349 (U.S.1979). Title VII, Section 706(f) of the Civil Rights Act authorizes a federal district court to appoint an attorney to represent a civil rights plaintiff and to permit commencement of the suit without the payment of fees, costs or security. Caston v. Sears, Roebuck & Co., Hattiesburg, Miss, 556 F.2d 1305, 1307 (5th Cir. 1977); 42 U.S.C. § 2005-5(f)(1). Plaintiff has not invoked Title VII. Title 28 U.S.C. §1915(a), however, provides that any court of the United States may authorize the commencement, prosecution or defense of any suit, civil or criminal, or appeal therein without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security. The district court must provide a sufficient its factual basis for the exercise of its discretion under the statute. O'Neal v. U. S, 411 F.2d 131, 138 (5th Cir. 1969). Such a financial affidavit will be held sufficient if it states that one cannot because of his poverty pay or give security for costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89 (1948). *See also* Flowers v. Turbine Support Division, 507 F.2d 1242, 1246 (5th Cir. 1975) (holding that court has wide discretion in denying an application an application to proceed *in forma pauperis* under 28 U.S.C. §1915).

disability insurance in the amount of $3,972.00; and social security, unemployment or welfare payments in the amount of $18,648.00. Petitioner also declares that his checking or savings balance is $4,000.00 and that he has other assets of an amount totaling over $44,000.00, including a FERS TSP Account of approximately $35,217.47, while he states that his monthly living expenses total approximately $724.00. Therefore, the undersigned's order entered on September 7, 2007 granting pauper status is VACATED.[4]

IT IS FURTHER ORDERED that petitioner's application to proceed *in forma pauperis* is DENIED.

IT IS FURTHER ORDERED that petitioner pay the $350 filing fee within 30 days. Failure to do so will result in the petition being stricken.

Signed at Lafayette, Louisiana on this 17th day of September, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140-phone  (337) 593-5155

COPY SENT:
DATE: 9/17/07
BY: CW
TO: mem

---

[4] Rec. Doc. 5.