

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3/3/08
BY DM

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

JASON CROWLEY

versus                                  CIVIL ACTION NO. 07-1475
                                         JUDGE TOM STAGG

TOOL

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendant Tool. See Record Document 17. For the reasons stated below, the defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff, Jason Crowley ("Crowley"), filed suit against a music group by the name of Tool, claiming that they are based in Los Angeles and that they had used him to "base their music on." Record Document 1. Crowley further contends that the band has "used [his] likeness in video on screens on stage in live performances" and that they "managed to get into [his] apartment and place a ring, that you would wear on your hand, inside." Id. Crowley asserts that he "just recently found a

picture of the ring in the booklet insert of the one compact disc [sic] I'm referring to." Id. He seeks damages in the amount of ten million dollars for invasion of privacy through the unauthorized use of his name and images and for trespassing on his property. See id.

In an amended complaint, Crowley elaborates on his claims. He asserts that on "August 17, 1997, [he] attended a concert" performed by Tool and "acted out by yelling and slam dancing and rooting them on." Record Document 25. He continues to allege that the "front man" of the band, James Keenan, found out his name and has been saying his name in songs ever since, without his consent. He further asserts that Keenan was involved in the illegal entry of his apartment when the ring was planted in his bedroom. He concludes by referring the court to a CD booklet that comes with one of the band's CDs, wherein a ring is allegedly depicted and wherein "a dissection of a blue eyed guy, who is not a member of the band and the picture of the ring is in his heart" is also shown. Id. at 2. Crowley then states that this "leads [him] to the conclusion that the picture was made to represent [him]." Id. The amended complaint seeks a lesser amount of two million dollars in damages. See id.

## II. LAW AND ANALYSIS

Tool filed the instant motion to dismiss, arguing multiple bases for dismissal of Crowley's claims. These arguments in favor of dismissal vary from lack of subject matter jurisdiction to lack of jurisdiction over the person to insufficiency of process and insufficiency of service of process. See Record Document 17. Although more than one of the defendant's arguments would prove successful, the following analysis will focus upon the insufficiency of service of process.

The burden is on Crowley to establish jurisdiction when challenged by the defendant. See Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1138 (5th Cir. 1980). Specifically, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity. See Sys. Signs Supplies v. U. S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Familia De Boom, 629 F.2d at 1139 (citing 5 Wright & Miller, Federal Practice and Procedure § 1353 (1969)). Crowley's attempted service on Tool has been challenged. In its motion to dismiss, Tool asserts that Crowley purported to serve it by serving Satellite Management in Los Angeles, California. Tool, however, states that Satellite Management is not the agent of service of process for it, or any

3

legal entity. To support this statement, Tool has provided an affidavit by Cheryl Bousquet, a duly authorized representative of Satellite Artist Management, wherein she states that "Satellite Artist Management, Inc., is not the registered agent for service of process for any person or legal entity." Record Document 28. As Tool has demonstrated that proper service has not been made and Crowley, whose burden it is to prove service, has not countered with evidence indicating otherwise, Crowley's claims must be dismissed for insufficiency of service of process.

### III. CONCLUSION

Based on the foregoing analysis, the defendant's motion to dismiss (Record Document 17) is **GRANTED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 3rd day of March, 2008.

JUDGE TOM STAGG