

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 0 1 2008

ROBERT H. SHEMWELL CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

JASON CROWLEY

versus

TOOL

CIVIL ACTION NO. 07-1475
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendant Maynard Keenan

("Keenan") (referred to as James Keenan in the complaint). See Record Document

35. For the reasons stated below, the defendant's motion to dismiss is **GRANTED.**

## I.  BACKGROUND

Plaintiff, Jason Crowley ("Crowley"), filed suit against a music group by the

name of Tool, claiming that they are based in Los Angeles and that they had used

him to "base their music on." Record Document 1. He sought damages in the

amount of ten million dollars for invasion of privacy through the unauthorized use

of his name and images and for trespassing on his property. See id.

In an amended complaint, Crowley elaborated on his claims and added Keenan as a defendant.  He asserted that on "August 17, 1997, [he] attended a concert" performed by Tool and "acted out by yelling and slam dancing and rooting them on."  Record Document 25.  He continued to allege that the "front man" of the band, Keenan, found out his name and has been saying his name in songs ever since, without his consent.  He further asserted that Keenan was involved in the illegal entry of his apartment during which a ring was planted in his bedroom.  He concluded by referring the court to a CD booklet that comes with one of the band's CDs, wherein a ring is allegedly depicted and wherein "a dissection of a blue eyed guy, who is not a member of the band and the picture of the ring is in his heart" is also shown.  Id. at 2.  Crowley then stated that this "leads [him] to the conclusion that the picture was made to represent [him]."  Id.  The amended complaint sought a lesser amount of two million dollars in damages.  See id.

Tool filed a motion to dismiss, arguing multiple bases for dismissal of Crowley's claims.  See Record Document 17.  This court granted Tool's motion to dismiss for insufficiency of service of process on March 3, 2008.  See Record Documents 33 and 34.  Keenan has now filed a similar motion, seeking dismissal

of the claims against him.  See Record Document 35.  Crowley has not filed any opposition to the motion.

## II.  LAW AND ANALYSIS

Keenan filed the instant motion to dismiss, arguing the same multiple bases for dismissal of Crowley's claims as Tool argued.  These arguments in favor of dismissal vary from lack of subject matter jurisdiction to lack of jurisdiction over the person to insufficiency of process and insufficiency of service of process.  See Record Document 35.  Although, as with defendant Tool, more than one of the defendant's arguments would prove successful and result in dismissal of the claims, the following analysis will again focus upon the insufficiency of service of process.

As the court stated in its prior ruling on Tool's motion to dismiss, the burden is on Crowley to establish jurisdiction when challenged by the defendant.  See Familia De Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1138 (5th Cir. 1980). Specifically, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.  See Sys. Signs Supplies v. U. S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Familia De Boom, 629 F.2d at 1139 (citing 5 Wright & Miller, Federal Practice and Procedure § 1353

(1969)).  Crowley's attempted service on Keenan has been challenged.  In his motion to dismiss, Keenan asserts that Crowley purported to serve him by certified mail at 11845 West Olympic Boulevard # 1125, Los Angeles, California.  Keenan, however, states that he does not reside at this address, does not conduct any business at this address, and has no affiliation or relationship with any person, business or entity located at this address.  According to Keenan, the address is the former address of an artist management company which manages a musical group of which Keenan is a member.  To support these statements, Keenan has provided the affidavit of Martha Liermann, his account manager, wherein she reiterates all of Keenan's above-referenced statements regarding his residence and lack of affiliation or any business activities at the 11845 West Olympic Boulevard address. See Record Document 35, Ex. A.  Therefore, as Keenan has demonstrated that proper service has not been made and Crowley, whose burden it is to prove service, has not countered with evidence indicating otherwise, Crowley's claims must be dismissed for insufficiency of service of process.

## III.  CONCLUSION

Based on the foregoing analysis, the defendant's motion to dismiss (Record Document 35) is **GRANTED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of April, 2008.

_____
JUDGE TOM STAGG

5